UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TOMARCUS PORTER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-2871** |
| **LT. JOHNATHEN TYNES, ET AL.** | **SECTION "D"(4)** |

## ORDER AND REASONS

Plaintiff Tomarcus Porer filed a **Motion for Appointment of Counsel (ECF No. 14)** in which he requests appointment of counsel to assist him in pursuing his case. Porter filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against defendants Lt. Johnathen Tynes, Brooke Thomas, Billy Mersereau, Major Andria Johnson, Truly Dillon, and Warden Kevin Luper.[1] Porter alleges that his constitutional rights were violated when defendants cut his dreadlocks as a practicing Rastafarian and denied him due process by not letting him attend his related disciplinary proceeding.[2]

In his motion to appoint counsel, Porter alleges that he requires counsel to locate witnesses and gather statements to support his claims, a trial in his case will likely involve conflicting testimony, and counsel would better enable him to present evidence.[3] On April 28, 2025, the Court ordered Porter to certify in writing the steps he has taken to secure counsel before filing his motion.[4] Porter responded that he attempted to contact an attorney from Disability Rights Louisiana, but was unsuccessful.[5]

---

[1] ECF No. 21, ¶III, at 6.
[2] *Id*. at 21.
[3] ECF No. 14 at 1.
[4] ECF No. 19.
[5] ECF No. 24 at 1.

A federal district court should only appoint counsel for an indigent plaintiff in a civil rights case if the case presents exceptional circumstances. *Norton v. E.U. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997). The Court can consider the following factors when ruling on a request for counsel in a § 1983 case: (a) the type and complexity of the case; (b) whether the indigent is capable of presenting his case adequately; (c) whether he is in a position to investigate his case adequately; and (d) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992); *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982).

Porter's case is not complex and requires no difficult investigation to determine the alleged actions taken by defendants in regard to the cutting of his dreadlocks and any related disciplinary proceedings. Porter's claims otherwise are not factually or legally complicated. Porter has already demonstrated an ability to prepare pleadings, present arguments, and more than adequately understand and convey the facts of his case without assistance of counsel. While Porter may not be trained in the law, he consistently has demonstrated the ability to express himself and understand the facts and issues involved in his case. Notably, Porter states he is capable of adequately presenting his case, but needs investigative assistance with statement gathering for potential witnesses.[6]

Thus, although Porter is indigent, his case is not an exceptional one under the foregoing factors and presents no circumstances that would require appointment of counsel. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994) (counsel is only appointed under exceptional circumstances in a civil rights case); *see also Wendell v. Asher*, 162 F.3d 887 (5th Cir. 1998) (same); *Robbins v. Maggio*, 750 F.2d 405, 412 (5th Cir. 1985); *Ulmer*, 691 F.2d at 212-13;

---

[6] *Id.* at 1.

*Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). The record presents no circumstance that would warrant appointment of counsel at this time. Should the case develop where the judicial process would benefit from Porter having counsel, the Court can evaluate any change of circumstance at that time. *Ulmer*, 691 F.2d at 213. Accordingly,

    **IT IS ORDERED** that Tomarcus Porter's **Motion for Appointment of Counsel (ECF No. 14)** is **DENIED**.

    New Orleans, Louisiana, this 11th day of June, 2025.

                            **KAREN WELLS ROBY**
                        **UNITED STATES MAGISTRATE JUDGE**