UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TOMARCUS PORTER | CIVIL ACTION |
| VERSUS | NO. 24-2871 |
| JOHNATHEN TYNES, ET AL. | SECTION "D" (4) |

## ORDER AND REASONS

Plaintiff Tomarcus Porter filed a **Motion to Amend/Correct the Complaint (ECF No. 53)** seeking to add additional relief to his § 1983 claims against defendants Johnathen Tynes, Brooke Thomas, Billy Mersereau, Kevin Luper, Truly Dillon, and Andria Johnson. Porter requests that he be able to amend the complaint to add additional relief stating that various defendants be charged with conspiracy to commit a crime and aggravated assault, among other previously stated constitutional violations. ECF No. 53 at 1-2.

### I. **Standards of Review**

Generally, Fed. R. Civ. Proc. 15(a) governs the amendment of pleadings before trial. Rule 15(a)(2) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." "Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn-Lea Travel Corp. v. American Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)). Moreover, the Rule urges that the Court "should freely give leave when justice so requires." *Id*.

In taking this liberal approach, the Rule "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957). When addressing a motion to amend, the court must have a "substantial

reason" considering such factors as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . and futility of the amendment.'" *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994). An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. *Id*. (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003)).

## II.     Discussion

As background, Porter was an inmate housed at David Wade Correctional Center at the time of the filing of this complaint in which he named Lt. Johnathen Tynes, Brooke Thomas, Correctional Officer Billy Mersereau, Major Andria Johnson, Correctional Officer Truly Dillon, and Assistant Warden Kevin Luper, all employees of Rayburn Correctional Center ("RCC"), as defendants. ECF No. 21, ¶III(A)-(G), at 4-9. Porter alleges that while he was housed at RCC, on January 8, 2023, when he was in the infirmary after injuring himself, Lt. Brooke Thomas observed a "pinclasp" that was holding his dreadlock in place due an excessive chemical agent being sprayed on him that was causing his hair to fall out. Porter states that Lt. Tynes and Lt. Thomas proceeded to cut five dreadlocks from his head without his consent. ECF No. 21-1 at 9.

The following day, Porter claims his name was on the court disciplinary board. *Id*. He stated he asked Officer Billy Mersereau if he could go to court. Porter states the facility has a waiver form, but he was not asked if he waived his presence in court. ECF. No. 21-2 at 14. He alleges he was denied access to the disciplinary hearing and from representing himself in violation of his Fourteenth Amendment rights given that no one asked him if he wanted to attend the hearing. ECF No. 21-1 at 9.

Porter states that on the same day of the disciplinary hearing all his remaining dreadlocks were cut off by Major Truly Dillon without his consent. *Id*. Porter further alleges that Major Dillon informed him he violated a DOC regulation, and, by order of Assistant Warden Kevin Luper, his dreadlocks were to be cut off. ECF No. 21-2 at 14. He claims cutting his hair was a violation of his constitutional rights as a "Rasta," as it is against his religion to cut his hair or consume meat products. ECF No. 21-1 at 9. Porter further alleges that Major Andria Johnson was deliberately indifferent to his grievance report by not reviewing body camera footage from the incident and failing to address that he was denied attending disciplinary court. ECF No. 21-2 at 24.

Allowing Porter to amend his complaint to charge defendants with conspiracy to commit a crime and aggravated assault is unnecessary. There is no constitutional right to have someone criminally prosecuted because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614 (1973); *see also Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010) ("It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution"); *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990) (there is no constitutional right to have someone criminally prosecuted). The fact that Porter believes the alleged actions by defendants to be criminal is not sufficient to establish a constitutional wrong for which he is entitled to personal redress under § 1983.

Thus, to allow Porter to amend his complaint to request relief regarding the criminal prosecution of defendants would be frivolous under § 1915 and § 1915A, and therefore, renders the amendment futile. Considering Rule 15(a) and the relevant factors identified above, the Court

finds no good cause to allow Porter to amend his complaint to add the requested additional relief. Accordingly,

**IT IS ORDERED** that Tomarcus Porter's **Motion to Amend/Correct the Complaint (ECF No. 53)** is **DENIED**.

New Orleans, Louisiana, this 28th day of October, 2025.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**