UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TOMARCUS PORTER                          CIVIL ACTION

VERSUS                                   NO. 24-2871

JOHNATHEN TYNES, ET AL.                  SECTION: D (4)

## ORDER and REASONS

Before the Court is Plaintiff's Motion to Reconsider the Honorable Judge [sic] Ruling, filed by plaintiff, Tomarcus Porter.[1]

## I.     FACTUAL AND PROCEDURAL BACKGROUND[2]

Porter seeks reconsideration of the Court's September 29, 2025 Order and Reasons, in which the Court overruled Porter's objections, adopted, in part, the United States Magistrate Judge's Report and Recommendation, and denied Porter's Motion for Declaratory Judgment.[3]  The Court determined that Porter's Motion for Declaratory Judgment was procedurally improper under the Fifth Circuit's ruling in *Securities and Exchange Commission v. Novinger*[4] because a declaratory judgment can only be sought by one of the pleadings listed in Fed. R. Civ. P. 7(a), such as a complaint, and not by filing a motion.[5]  The Court explained that Porter does not seek

---

[1] R. Doc. 52.
[2] In the interest of judicial economy, and because the factual and procedural history of this case was set out in great detail in the Court's September 29, 2025 Order and Reasons (R. Doc. 47), the Court will limit its recitation of the factual and procedural background to matters relevant to the instant Motion.
[3] R. Doc. 52 at p. 1.  *See* R. Docs. 13, 36, 37, 42, & 47.
[4] 96 F.4th 774, 780–81 (5th Cir. 2024).
[5] R. Doc. 47 at pp. 14–16.

injunctive relief or a declaratory judgment in this matter, and instead seeks an award of damages.[6]

The Court further found that, even if Porter's Amended Complaint could be broadly construed as seeking injunctive relief or a declaratory judgment and his Motion for Declaratory Judgment was construed as a summary judgment motion pursuant to *Novinger*, his Motion must still be denied.[7]  The Court reasoned that, under *Novinger*, it would be appropriate to construe Porter's Motion for Declaratory Judgment as a motion for summary judgment, but that Porter failed to comply with the requirement in the Court's Local Rules that a motion for summary judgment "must be accompanied by a separate and concise statement of the material facts which the moving party contends present no genuine issue."[8]  The Court further found that the defendants' Opposition brief to the Motion for Declaratory Judgment suggested that there were contested issues of material fact that preclude summary judgment in this matter.[9]  As such, the Court concluded that Porter's Motion for Declaratory Judgment must be denied, even if it was construed as a motion for summary judgment.[10]

Three weeks later, on October 20, 2025, Porter filed the instant Motion, seeking reconsideration of the Court's September 29, 2025 Order and Reasons.[11] Porter seems to assert that his failure to seek injunctive relief in his Amended

---

[6] *Id*. at pp. 15–16 (*citing* R. Docs. 21 & 21-2).
[7] R. Doc. 47 at p. 17.
[8] *Id*. at pp. 17–18 (*quoting* Rule 56.1 of the Local Civil Rules of the United States District Court for the Eastern District of Louisiana) (citation modified).
[9] R. Doc. 47 at p. 18.
[10] *Id*.
[11] R. Doc. 52.

Complaint amounts to excusable neglect and harmless error on his part, and that he "is now moving to secure the Declaratory Judgment and alter the Declaratory Judgment."[12]  Porter points out that the defendants timely filed an opposition to his Motion for Declaratory Judgment on July 21, 2025, asserting that the Motion should be denied because Porter did not seek declaratory relief in his Amended Complaint.[13] Plaintiff also points out that he filed an Amended Complaint on April 25, 2025,[14] that the defendants were served with a summons and a copy of the Amended Complaint on June 13, 2025,[15] but that they failed to respond to the Amended Complaint.[16] Porter also references a motion for summary judgment that he filed on July 14, 2025,[17] and claims that a motion to dismiss filed by the defendants is not properly before the Court because he was not properly served with a copy of the motion.[18]

## II.    LAW AND ANALYSIS

Although not addressed by Porter, the Fifth Circuit has recognized that, "because the denial of a motion for summary judgment is an interlocutory order, the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law."[19]  This Court has held that, "the correct starting

---

[12] *Id*. at p. 1, ¶ 3.

[13] *Id*.

[14] *See* R. Doc. 21.

[15] *See* R. Doc. 28.

[16] R. Doc. 52 at p. 1, ¶ 2 & pp. 2–3, ¶ 5.

[17] *Id*. at p. 1, ¶ 1.  *See* R. Doc. 34.  The Court notes that Porter's Motion for Summary Judgment was dismissed without prejudice as premature on October 21, 2025.  R. Doc. 49.

[18] R. Doc. 52 at p. 2, ¶ 6.

[19] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) (*citing* Fed. R. Civ. P. 54(b); *Bon Air*

point for evaluating whether interlocutory orders should be altered is set forth in Rule 54(b) [of the Federal Rules of Civil Procedure].”[20]   Rule 54(b) provides, in pertinent part, that any order “that adjudicates fewer than all the claims,” such as this Court’s September 29, 2025 Order and Reasons, “may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties’ rights and liabilities.”[21]

This Court, however, has further explained that, “[t]he general practice of courts in this district has been to evaluate motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment.”[22]   “A motion to alter or amend a judgment filed pursuant to Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.”[23]   A district court has “considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under” Rule 59(e).[24]   This Court has consistently held that, “[a] moving party must satisfy at least one of the following four criteria to prevail on a Rule 59(e) motion: (1) the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the movant presents new evidence; (3) the motion is necessary in order to prevent manifest injustice; and, (4) the motion is justified by an intervening change in the controlling

---

*Hotel v. Time, Inc.*, 426 F.2d 858, 862 (5th Cir. 1970), *abrogated on other grounds by Little*, 37 F.3d 1069).
[20] *Namer v. Scottsdale Insur. Co.*, 314 F.R.D. 392, 393 (E.D. La. 2016) (citing *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014)).
[21] Fed. R. Civ. P. 54(b).
[22] *Namer*, 314 F.R.D. at 393 (citing authority).
[23] *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)) (citation modified).
[24] *Lavespere*, 910 F.2d at 174.

law."[25]  According to the Fifth Circuit, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."[26]

Porter has failed to show that reconsideration of the Court's September 29, 2025 Order and Reasons is appropriate to correct manifest errors of law or fact or to prevent manifest injustice, nor does Porter direct the Court to any newly discovered evidence or an intervening change in the controlling law.[27]  Instead, Porter seems to simply disagree with the Court's ruling.  That, however, is not a sufficient basis for this Court to grant the extraordinary remedy of reconsidering and reversing its prior ruling.  While the Court has the authority to reconsider and reverse its prior decision "for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law,"[28] the Court finds no sufficient reason exists to do so.  The Court therefore finds that Porter's Motion does not meet the standards set forth by Fed. R. Civ. P. 59(e), and must be denied.

### III.    CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's

---

[25] *Namer*, 314 F.R.D. at 395 (quoting *Jupiter v. BellSouth Telecomms., Inc.*, Civ. A. No. 99-0628, 1999 WL 796218, at *1 (E.D. La. Oct. 5, 1999) (Vance, J.)) (internal quotation marks omitted).  *See Castrillo v. American Home Mortg. Servicing, Inc.*, Civ. A. No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) (Vance, J.) (citing authority); *Dorgan v. Foster*, Civ. A. No. 04-0221, 2006 WL 2457118, at *2 (E.D. La. Aug. 22, 2006) (Roby, M.J.) (citing *Gregg v. Weeks Marine, Inc.*, Civ. A. No. 99-1586, 2000 WL 802865, at *2 (E.D. La. May 26, 2000) (Vance, J.)).
[26] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).
[27] *Namer*, 314 F.R.D. at 395.
[28] *Lavespere*, 910 F.2d at 185.

Motion to Reconsider the Honorable Judge [sic] Ruling, filed by Tomarcus Porter,[29]

is **DENIED.**

New Orleans, Louisiana, January 5, 2026.

**WENDY B. VITTER**
**United States District Judge**

---

[29] R. Doc. 52.