**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**TOMARCUS PORTER**                                    **CIVIL ACTION**

**VERSUS**                                             **NO: 24-2871**

**JOHNATHEN TYNES, ET AL.**                            **SECTION: D**

## ORDER

The Court, having considered the Complaint,[1] the Motions to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1) and Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6), filed by defendants, Jonathan Tynes, Brooke Thomas, Billy Mersereau, Andria Johnson, Truly Dillon, and Kevin Luper,[2] Plaintiff's Motion for Cross Summary Judgment,[3] the record, the applicable law, the Magistrate Judge's Report and Recommendation,[4] the failure of plaintiff, Tomarcus Porter, to file any objections to the Magistrate Judge's Report and Recommendation[5], and finding that the Magistrate Judge's analysis is not clearly erroneous or contrary to the law, and having construed Plaintiff's pro se Complaint[6] liberally, hereby approves the Magistrate Judge's Report and Recommendation and adopts it as its opinion herein.

While Plaintiff did not file any objections to the Magistrate Judge's Report and Recommendation, the Court notes that Plaintiff filed a "Writ to Object of Defense

---

[1] R. Doc. 21.
[2] R. Doc. 39.
[3] R. Doc. 45.
[4] R. Doc. 56.
[5] Considering Plaintiff's *pro se* status, the Court allowed for additional time to file objections. As of the date of this Order, none have been filed.
[6] R. Doc. 21.

Motion to Dismiss" on November 21, 2025, opposing the Defendants' Motion to Dismiss *after* the Magistrate Judge issued the Report and Recommendation.[7] Plaintiff clarifies that he brought claims against the Defendants in both their individual and official capacities,[8] and seems to argue that Defendants are not entitled to Eleventh Amendment sovereign immunity.[9]   Plaintiff claims that Congress has abrogated states' sovereign immunity in the Religious Land Use and Institutionalized Person Act (the "RLUIPA"), which Plaintiff contends allows relief "against all Governments and branches and agencies of Governments, as well as individuals, for infringements of religious freedom."[10]   Plaintiff asserts that the RLUIPA provides for injunctive relief against religious restrictions, that "some courts" have held that the RLUIPA abrogates states' sovereign immunity against damages in federal court, and that damages are available when suing the state government or state officials acting in their official capacity.[11]   The legal authority cited by Plaintiff, however, does not support his position.

More importantly, the Magistrate Judge addressed these issues in the Report and Recommendation, explaining that Eleventh Amendment immunity applies to 42 U.S.C. § 1983 claims against the State of Louisiana and, by extension, to official

---

[7] R. Doc. 57.  Notably, while this was filed two days after the Magistrate Judge issued the Report and Recommendation, it is unlikely that Plaintiff had yet received the Report and Recommendation as it was only mailed to Plaintiff at Louisiana State Penitentiary on November 18, 2025.  Further, it does not reference the Report and Recommendation.

[8] *Id*. at p. 3.

[9] *Id*. at pp. 1–2.

[10] *Id*. at p. 2.

[11] *Id*. (citing *Lighthouse Institute for Evangelism, Inc. v. City of Long Branch*, 510 F.3d 253, 272–73 (3rd Cir. 2007), *cert. denied* 553 U.S. 1065, 128 S.Ct. 2503, 171 L.Ed.2d 787 (2008); *Shidler v. Moore*, 409 F. Supp. 2d 1060, 1069 (N.D. Ind. 2006)).

capacity claims for monetary damages against Louisiana state officers, like Defendants.[12] The Magistrate Judge correctly pointed out that when the Eleventh Amendment applies, federal courts lack subject matter jurisdiction over the claim.[13] The Magistrate Judge also explained that, apart from Eleventh Amendment immunity, Plaintiff's claims for monetary damages fail because state officials sued in their official capacities do not qualify as "persons" under § 1983 and because monetary damages are not available for claims brought against state employees in their official capacities under the RLUIPA.[14] The Magistrate Judge further pointed out that while the Eleventh Amendment does not bar suit against officials in their individual capacities, the RLUIPA does not authorize a private cause of action against defendants in their individual capacities.[15]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's 42 U.S.C. § 1983 claims against defendants, Jonathan Tynes, Brooke Thomas, Billy Mersereau, Andria Johnson, Truly Dillon, and Kevin Luper, are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e), § 1915A and, as applicable, 42 U.S.C. § 1997e, as frivolous and for failure to state a claim for which relief can be granted.

---

[12] R. Doc. 56 at pp. 10–11 (citing *Kentucky v. Graham*, 473 U.S. 159, 169, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *McKinley v. Abbott*, 643 F.3d 403, 406 (5th Cir. 2011); *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010)).

[13] R. Doc. 56 at p. 11 (quoting *Bryant v. Texas Dep't of Aging & Disability Services*, 781 F.3d 764, 769 (5th Cir. 2015)) (citation modified).

[14] R. Doc. 56 at pp. 11–12 (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 331 (5th Cir. 2009); *De Moss v. Crain*, 636 F.3d 145, 151 (5th Cir. 2011)).

[15] R. Doc. 56 at pp. 12–13 (citing *Martin v. Thomas*, 973 F.2d 449, 458 (5th Cir. 1992); *Landor v. Louisiana Dep't of Corr. & Pub. Safety*, 82 F.4th 337, 341 (5th Cir. 2023)).

**IT IS FURTHER ORDERED** that Defendants' Motions to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1) and Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6)[16] and Plaintiff's Motion for Cross Summary Judgment[17] are **DENIED WITHOUT PREJUDICE, as moot.**

New Orleans, Louisiana, January 16, 2026.

**WENDY B. VITTER**
**United States District Judge**

---

[16] R. Doc. 39.
[17] R. Doc. 45.